UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE PEAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1912 (JGP) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT**

Pursuant to Fed. R. Civ. P. 4(j)(2), 12(a)(1)(A) and 12(b)(5), the Defendant, by counsel, opposes plaintiff's motion for default on the grounds of insufficiency of service of process. As explained in the accompanying memorandum, the captioned complaint was never served on the Mayor of the District of Columbia. Thus, defendant's time to answer the complaint has not begun. Accordingly, Plaintiff is not entitled to entry of default.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

|  |  |
|---|---|
|  | **/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section II |
|  | **/s/ Carol E. Burroughs**<br>CAROL E. BURROUGHS [#415432]<br>Assistant Attorney General<br>441 Fourth Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 724-6520<br>Fax: 202-727-0431 |
| **January 5, 2006** | Email: Carol. Burroughs@dc.gov |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALICE PEAK, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1912 (JGP) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

Defendant submits that Plaintiff's Motion for Default Judgment, filed December 23, 2005 ("Motion") must be denied. As will be shown below, proper service of the complaint on the District of Columbia has never been made.

THE PROCEDURAL CHRONOLOGY

The instant complaint was filed on September 28, 2005. On December 21, 2005, Plaintiff filed a sworn return of service, indicating service of the complaint on the District's Office of Attorney General ("OAG") on October 20, 2005. On December 23, 2005, Plaintiff filed a further, "Verified Statement of Alisha Bolden" asserting, under oath, service of the complaint on OAG on October 14, 2005.

On December 23, 2005, plaintiff filed the Motion asserting that the "Plaintiff served her complaint on the Defendants on October 14, 2005." Motion Memorandum, p. 1. More than a week later, however, on January 3, 2005, Plaintiff sought a further summons "as to the District of Columbia" (E-file Docket). No return of service for that summons has yet been filed.

ARGUMENT

Under Fed.R. Civ. P. 4(j)(2), service on the District "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer" – in the case of the District, to the Mayor.[1]  On October 14, 2005, a copy of the complaint was delivered to the OAG.  Service on the OAG, however, is insufficient to satisfy the requirement of Rule 4(j)(2) that service be made on the Mayor.  To date, proper service of the summons and complaint has yet to be effected, and the 20-day period for Defendant's response to the complaint under Fed. R. Civ. P. 12(a)(1)(A) has not yet begun to run.  Accordingly, the Motion must be denied.

It should be emphasized that Plaintiff's counsel's service agent was specifically advised by OAG personnel on October 14, 2005, in connection with similarly deficient service in five other cases[2], that service of such actions on the Mayor was required.  That individual, in the presence of those OAG personnel, communicated that matter to Plaintiffs' counsel by telephone.  OAG's advice, however, seems to have been consciously ignored or rejected.

             Respectfully submitted,

---

[1] Rule 4(j)(2) refers in the alternative to service "in the manner prescribed by the law of [the District]." Thompson v. District of Columbia, 863 A.2d 814, 817 (D.C. 2004), described those requirements:
> "[I]n order to effect proper service upon the District, a plaintiff must serve the Mayor *and* Corporation Counsel [now Office of the Attorney General for the District of Columbia]." *Dorsey v. District of Columbia*, 839 A.2d 667, 668 (D.C. 2003) (emphasis in original).  In addition, Rule 4(m) requires that proof of service be filed "as to each defendant."  If such proof of service is absent, "the plain language of Rule 4(m) compels automatic dismissal…and does not permit the court to exercise any discretion." *Id at 669* (citations and internal quotation marks omitted); *accord, Cameron v. Washington Metropolitan Area Transit Authority*, 649 A.2d 291, 293 (D.C. 1994).

Service on the Mayor, therefore, is required under this alternative as well.

[2] A.H. v. D.C. , Civ. No. 05-1247; Finnell, et al v. D.C., Civ. No. 05-1477; Peak v. D.C., Civ. No. 05-1913; Peak v. D.C., Civ. No. 05-1927; and Peak v. D.C. , Civ. No. 05-1928.

                        ROBERT J. SPAGNOLETTI
                        Attorney General
                        for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General
                        Civil Litigation Division

                        **/s/ Edward P. Taptich**
                        EDWARD P. TAPTICH [#012914]
                        Chief, Equity Section II

                        **/s/ Carol E. Burroughs**
                        CAROL E. BURROUGHS [#415432]
                        Assistant Attorney General
                        441 Fourth Street, N.W.
                        Sixth Floor South
                        Washington, D.C. 20001
                        (202) 724-6520
                        Fax:  202-727-0431
**January 5, 2006**          Email:  Carol.Burroughs@dc.gov