IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICE PEAK,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 05-1912<br>)　JGP<br>)<br>)<br>)<br>) |

### REPORT OF PARTIES UNDER LOCAL RULE 16.3

**Plaintiff's Statement of the Case and its Bases**

The Plaintiff seeks injunctive relief under the federal Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* as that law existed prior to July 1, 2005. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools ("DCPS") 1) to fund M.P.'s placement at Rock Creek Academy for the current school year, 2005-2006; 2) to fund independent evaluations of M.P.; 3) to revise M.P.'s Individualized Education Program; and 4) to provide M.P. with compensatory education for several year's worth of deficiencies in his specialized education instruction.

In her administrative complaint and at the administrative hearing, the Plaintiff requested a new school placement for M.P., funding for independent evaluations (clinical psychological, functional behavioral assessment, occupational therapy, and social history), a new appropriate IEP, and compensatory education.

At the hearing, DCPS argued that they had attempted to hold a meeting, and the Hearing Officer refused to admit the Plaintiff's evidence to the contrary. In the Hearing Officer's Determination, he found that the Plaintiff had frustrated efforts to convene a meeting, and declined to address the question of whether the IEP and placement were

appropriate for that reason. Though the Hearing Officer explicitly declined to address those issues, he failed entirely to address the remainder of the Plaintiff's claims, regarding the evaluations, and instead dismissed the entirety of the case.

**Defendant's Statement of the Case and its Bases**

This is an appeal of a hearing officer's decision, brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1461. Plaintiff alleged that DCPS had failed to develop an appropriate IEP and implement it. She further alleged that DCPS had failed to propose an appropriate placement. The hearing officer held that DCPS' had made many efforts to convene an MDT educational review meeting to discuss any concerns of the grandparent but counsel for grandparent had frustrated that process through non-responsiveness and non-cooperation. He denied plaintiff's request for relief and dismissed the case.

**Parties' Proposed Schedule**

The Parties have conferred regarding scheduling, and state as follows:

1. The Parties expect the case to be resolved by dispositive motion.
2. The Parties have not as yet narrowed the issues in dispute, but are currently negotiating to that end.
3. The Parties are currently discussing settlement. Some progress has been made, but it remains unclear whether settlement is possible.
4. The Parties do not think that this case would benefit from ADR.
5. The Parties propose the following deadlines:
    a. April 10, 2006 - Defendants file administrative record and transcript;
    b. May 15, 2006 – Parties' summary judgment motions;
    c. June 30, 2006 – Parties' oppositions;
    d. July 17, 2006 – Parties' replies.

6.  The Parties stipulate to dispense with the requirements of Rule 26(a)(1).

7.  The Parties do not currently believe that discovery or experts will be necessary.

8.  The Parties do not recommend bifurcation.

9.  The Parties propose that all other scheduling be decided if necessary following the resolution of the motions for summary judgment.

Respectfully submitted,

/s/ Douglas Tyrka /s/
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038


/s/ Carol Burroughs
Carol Burroughs, #415432
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W., 6th Floor South
Washington, DC  20001
(202) 724-6520