IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE PEAK, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>DISTRICT OF COLUMBIA, )<br>  )<br>Defendant. )<br>  ) | Civil Action No. 05-1912 (JGP) |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS

1. Plaintiff Alice Peak's grandchild, M.P., is a nine-year-old male student attending Malcolm X Elementary School ("Malcolm X"). HOD, R. at 3.

2. In July 2004, DCPS had a Psycho-educational Evaluation, a Speech and Language Evaluation, and a Social History conducted for M.P. R. at 17-30.

3. In August 2004, DCPS found M.P. eligible for special education services and classified his disability as a learning disability (LD). HOD, R. at 3, R. at 35.

4. On January 25, 2005, DCPS convened a multidisciplinary team meeting ("MDT") to develop an individualized education program ("IEP") for M.P.. The IEP provided for 15 hours of specialized instruction and one hour of speech therapy. Plaintiff grandmother/guardian participated in the MDT meeting and signed the IEP, indicating that she agreed with the contents of the IEP. The MDT meeting notes report that Plaintiff stated that she saw "overall improvement in [M.P.]'s school performance. The MDT meeting notes also indicate that M.P.'s special education teacher, speech pathologist, and general education teacher all reported some improvement in his academic performance and behavior. HOD, R. at 3-4.

5. Ms. Taiya Gregory, the special education coordinator, testified that M.P.'s Stanford Nine Test scores showed a level of improvement. Transcript, R. at 93-95. She also stated that Plaintiff lived across the street from the school, visited the school often, and had not indicated to her that M.P. was having any problems. HOD, R. at 4.

6. After receiving information that Plaintiff Alice Peak wanted to have a meeting regarding M.P., Ms. Gregory faxed a Letter of Invitation for an MDT meeting to Plaintiff's counsel, Carolyn Houck, on June 10, 2005, suggesting three possible meeting dates. Ms. Gregory also faxed, along with the Letter of Invitation, a letter to Ms. Houck stating that Plaintiff Alice Peak was available on June 20, 2005, at 9:30 a.m. for the MDT meeting, and that if Ms. Gregory did not hear from Ms. Houck by June 15, 2005, she would confirm her attendance for the June 20, 2005, meeting. Ms. Gregory received a fax confirmation that both letters were successfully transmitted. Ms. Gregory also called Ms. Houck's office on June 10, 2005, and left a message to discuss scheduling the MDT meeting. HOD, R. at 4, Transcript, R. at 97-100.

7. Between June 10, 2005 and June 20, 2005, Ms. Houck did not contact Ms. Gregory to state that she could not meet at 9:30 a.m. on June 20, 2005 for the MDT meeting. Transcript, R. at 100.

8. On June 20, 2005 at 9:30am, the Plaintiff and MDT team appeared for the MDT meeting ready to convene. Plaintiff's counsel, however, did not appear. Ms. Gregory received a telephone call from Ms. Houck's office stating that she was not participating in the meeting and did not want the meeting to proceed, but did not provide a reason why. HOD, R. at 4-5, Transcript, R. at 100-105.

9. Ms. Gregory testified that she had a clear recollection of the conversation, because it was not pleasant, but Ms. Houck could not recall either the phone call or what happened on June

20, 2005. Ms. Houck testified that she had no record of receiving the Letter of Invitation or cover letter from Ms. Gregory. Ms. Houck also testified that she did not contact Malcolm X to set up a meeting to discuss her concerns regarding the student before filing the hearing request. HOD, R. at 5, Transcript, R. at 134-136.

    10. A due process hearing was held on August 23, 2005. In a Hearing Officer's Determination ("HOD") issued on August 30, 2005, Hearing Officer DuBow denied Plaintiff counsel's request for relief and dismissed the case. Officer DuBow found that Plaintiff's counsel frustrated the process "through non-responsiveness and non-cooperation." HOD, R. at 5-6.

    11. On November 7, 2005, an MDT meeting was held, but Plaintiff Alice Peak was not present. Special education advocate Sharon Millis was present acting for the guardian. The team recommended clinical, occupational, and functional behavior assessments. The clinical assessment should include an ADHD assessment. The team also recommended the addition of psychosocial counseling. Ex. 1-2.

    12. On December 1, 2005, DCPS conducted a Clinical Evaluation of M.P. Ex. 3.

    13. On December 21, 2005, DCPS conducted an Occupational Therapy Evaluation of M.P. Ex. 4.

    14. On December 22, 2005, a Resolution Meeting was held with Plaintiff Alice Peak  A clinical evaluation had been completed and the report received. An occupational therapy evaluation was completed and the report was due on January 6, 2006. The parties agreed to a meeting once the evaluations were received and prior to January 25, 2006. The projected schedule date was January 16, 2006. Ex. 5

15. On January 4, 2006, DCPS conducted a Functional Behavioral Assessment on M.P. Ex. 6.

16. On January 13, 2006, DCPS conducted an Educational Evaluation of M.P. Ex. 7

17. An MDT/IEP meeting held on January 17, 2005. An IEP was prepared and a proposed notice of placement at the Moten Center was issued on the same date. (Ex. 8-10).

          Respectfully submitted,

          ROBERT J. SPAGNOLETTI
          Attorney General of the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

          **/s/ Edward P. Taptich**
          EDWARD P. TAPTICH [#012914]
          Chief, Equity Section II

          **/s/ Carol E. Burroughs**
          CAROL E. BURROUGHS [#415432]
          Assistant Attorney General
          441 Fourth Street, N.W.
          Sixth Floor South
          Washington, D.C. 20001
          (202) 724-6520

**June 26, 2006**          Email: Carol.Burroughs@dc.gov