UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICE PEAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1912 (JGP) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by counsel, replies to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, filed August 7, 2006 ("Opposition").

**ARGUMENT**

I.   The Evaluations and I.E.P. were Adequate.

In its June 26, 2005, motion, Defendant argued that, although failing to make express conclusions of law in his decision, the Hearing Officer had decided—based on the record-- that Defendants had performed all necessary evaluations and developed an appropriate I.E.P. Alternatively, if express conclusions of law are required, Defendant contended, the appropriate remedy here would be to remand the case to the Hearing Officer for clarification.

In response, Plaintiff states that the Hearing Officer made no findings or conclusions on her claims that DCPS failed to timely evaluate M.P, failed to develop an appropriate IEP and failed to determine appropriate school placements. (Opposition at 1, ¶1)

First, plaintiff does not challenge Defendant's contention that she failed to put on any evidence before the hearing officer concerning the claim that M.P. should have been evaluated before July 2004. Thus, her summary assertion that there were "years of violations" is without any factual basis in the record. (Opposition at 1, ¶2)

Second, Plaintiff's allegation that the Hearing Officer made no findings concerning the appropriateness of the evaluations and IEP is wrong. (Opposition at 1, ¶1) He found that an MDT Meeting took place on January 25, 2005; that an I.E.P. was developed; that Plaintiff signed that she agreed with the contents of the I.E.P.; that the meetings notes indicate that Plaintiff reported that she "saw overall improvement in M's school performance"; and that Plaintiff testified that "she had stated the student is making overall improvement at the above January MDT meeting." (Record at 3 and 4)

Third, plaintiff also contends that the Hearing Officer made no findings or conclusions on the placement issue. (Opposition at 1, ¶1). Later, plaintiff admits that "the Hearing Officer's findings on that issue were relevant only to the question of whether M.P. was due an immediate placement." (Opposition at 1, ¶3) Clearly, the Hearing Officer made both detailed findings of fact and conclusions of law on the placement issue. (Record at. 4-6)

II.  The Hearing Officer's Proper Findings and Conclusion that Plaintiff's Counsel Frustrated DCPS's Efforts to Complete the Placement Process Is also Unrebutted.

Plaintiff's sweeping contention that the Hearing Office "improperly ignored all of the Plaintiff's claims regarding the years of violations on the basis of his finding that the Plaintiff was responsible for the failure of the most recent MDT meeting" overstates the facts in evidence—there being none-- and understates the impact. The MDT meeting that

did not take place was not a "failure" for which DCPS was responsible. (Opposition, ¶¶ 2, 3). Because of plaintiff's counsel's intentionally delaying the placement process, the meeting was cancelled. (Record at 3-6).

III.     The Claims for New Evaluations and I.E.P. are Moot.

Defendant also argued that the claims for new evaluations and IEP were moot because new evaluations and a new IEP were developed during the past school year. Plaintiff is silent on this issue. Thus, it should be deemed conceded.

## CONCLUSION

The record as a whole supports the conclusion that there was no denial of FAPE and thus, no legal basis for an award of compensatory education. Plaintiff's several statements that M.P. was denied FAPE are nothing more than conclusory.

Accordingly, this Honorable Court should grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. If further findings and conclusions of law are required, the Court should remand the case to the Hearing Officer.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General of the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    **/s/ Edward P. Taptich**
    EDWARD P. TAPTICH [#012914]
    Chief, Equity Section II

|  |  |
|---|---|
|  | **/s/ Carol E. Burroughs** |
|  | CAROL E. BURROUGHS [#415432] |
|  | Assistant Attorney General |
|  | 441 Fourth Street, N.W. |
|  | Sixth Floor South |
|  | Washington, D.C. 20001 |
|  | (202) 724-6520 |
| **August 28, 2006** | Email:  Carol.Burroughs@dc.gov |