IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICE PEAK,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 05-1912<br>)　JGP<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DECLARATION OF DEBORAH MOSELY**

The Defendant claims that Plaintiff's counsel made misrepresentations to this Court at the November 2, 2006 status hearing. The substance of the representations in question is irrelevant to the case before the Court, but the Plaintiff responds to the Defendant's allegations for obvious reasons.

**BACKGROUND OF DISPUTE OVER REPRESENTATIONS**

On November 2, 2006, the Parties appeared before this Court. During the hearing, the Court inquired as to M.P.'s current educational situation. In response, Plaintiff's counsel informed the Court as follows:

1) M.P. is currently attending the Moten Center, a DCPS placement.
2) Ms. Millis recently visited the school.
3) At the time of the visit, M.P. was in a special education class, but his teacher did not have a copy of his IEP.
4) At the time of the visit, the Moten Center did not have M.P.'s school records.
5) Ms. Peak has received calls from the school informing her that M.P. has been roaming the halls, just as he did at his last DCPS placement.
6) For those reasons, Ms. Peak was in the process of filing a new administrative complaint.[1]

---

[1] The Plaintiff can rely here only on the memory of Plaintiff's counsel. For that reason, the Plaintiff does not represent that this is a verbatim account of Plaintiff's counsel's representations. However, Plaintiff's counsel stands by his recollection of the substance of the representations. The Court may of course eliminate any question by checking the record.

Shortly following that hearing, Defendant's former counsel, Carol Burroughs, left a voice mail for Plaintiff's counsel, accusing him of making misrepresentations to the Court. As the basis for her accusation, Ms. Burroughs cited the claims of Dr. Deborah Mosley that in August 2006 Sharon Millis, Ms. Peak's special education advocate,[2] participated in the development of an individualized education program ("IEP") for M.P. According to Ms. Burroughs, Dr. Mosley had reported that Ms. Millis had the only copy of the IEP because "the system was down." In the voice mail, Ms. Burroughs also demanded a copy of that IEP.

After extensively interviewing Ms. Millis on this subject a second time (see below), Plaintiff's counsel responded to Ms. Burroughs with a message informing her that, as far as Plaintiff's counsel could determine, no meeting had occurred over the summer, and that DCPS already had everything that Plaintiff's counsel had. Plaintiff's counsel also pointed out that Following that message, Ms. Burroughs and Plaintiff's counsel exchanged the e-mails attached as exhibits hereto. Exhibits 1 and 2.

Shortly after these events, on or about November 15, 2006, the Court's law clerk telephoned Plaintiff's counsel to ask whether M.P.'s status had changed in any relevant way.

Plaintiff's counsel informed the clerk that: 1) the Plaintiff had completed the filing of her new administrative complaint as referred to at the status hearing; 2) the Parties had recently engaged in a small dispute over the question of the existence of a new IEP; 3) Plaintiff's counsel did not know whether the Defendant still contended that the IEP existed; 4) the Plaintiff's position was that all of those issues are irrelevant to the case, which solely regards compensatory

---

[2] The title "educational advocate" is sometimes used to refer to a court-appointed attorney representing a child in IDEA disputes. In other contexts, as here, it refers to individuals like Ms. Millis. Ms. Millis is not an attorney; she is an expert in special education and special education procedure. She regularly performs school observations of students and assists parents in MDT meetings.

2

education.

The next day, Plaintiff's counsel called the Court's law clerk to inform him that M.P. had just been suspended by the Moten Center. Plaintiff's counsel reiterated the Plaintiff's position that the current events were irrelevant to this case.

## UNDERLYING FACTUAL BACKGROUND

On January 17, 2006, Ms. Peak and Ms. Millis attended a meeting at Malcolm X Elementary School at which an IEP was developed for M.P. Exhibit 3. On April 21, 2006, Ms. Peak and Ms. Millis attended another meeting at Malcolm X; the IEP was not changed at that meeting. At the April 21, 2006 meeting, DCPS placed M.P. at the Moten Center for the 2006-2007 school year.

Neither Ms. Peak nor Ms. Millis has attended any meeting since January 2006 at which an IEP was developed. *See* Exhibit 4. Neither Ms. Peak, Ms. Millis, or Plaintiff's counsel has been invited to such a meeting. Ms. Millis has not participated in any meeting whatsoever regarding M.P. since April 21, 2006, other than the informal discussions of M.P. that occurred during her visit to the Moten Center in October 2006. *See id.*

On October 23, 2006, Ms. Millis visited the Moten Center to observe M.P. in class and to obtain his records. *See* Exhibit 4. When Ms. Millis spoke with Kristen Nagy, M.P.'s teacher, Ms. Nagy informed her that Ms. Nagy did not have M.P.'s most recent IEP. *See id.* To illustrate, Ms. Nagy showed Ms. Millis what Ms. Nagy did have, which was a copy of the January 2006 IEP, but without any of the "goals and objectives," the meat of the IEP. *See id.*

On October 23, 2006, immediately following Ms. Millis' visit to the Moten Center, Dr. Mosley contacted Plaintiff's counsel to request a copy of an IEP allegedly developed during the summer of 2006. Exhibit 5. After receiving that request, Plaintiff's counsel determined that

3

counsel had no such IEP, and had no record of such a meeting or an invitation to such a meeting. Neither Ms. Millis nor Ms. Peak had any recollection of an IEP meeting over the summer, and Ms. Millis's calendar contained no mention of any such meeting.

On November 3, 2006, upon learning that Dr. Mosley continued to believe that an IEP had been developed over the summer, Plaintiff's counsel wrote to Dr. Mosley to formally inform her that no one associated with Ms. Peak knew of any such IEP. Exhibit 6.

## ARGUMENT

Dr. Mosley's Declaration provides very little evidence to bolster the Defendant's unjustifiably aggressive claims that Plaintiff's counsel made misrepresentations to this Court.

As listed above, Plaintiff's counsel represented at the hearing that:

1) M.P. is currently attending the Moten Center, a DCPS placement.
2) Ms. Millis recently visited the school.
3) At the time of the visit, M.P. was in a special education class, but his teacher did not have a copy of his IEP.
4) At the time of the visit, the Moten Center did not have M.P.'s school records.
5) Ms. Peak has received calls from the school informing her that M.P. has been roaming the halls, just as he did at his last DCPS placement.
6) For those reasons, Ms. Peak was in the process of filing a new administrative complaint.

Dr. Mosley does not dispute statements 1, 2, 4, or 6 in any way.

Dr. Mosley does not directly contest statement 3. Her claims regarding the existence of an IEP developed in August 2006 are irrelevant to the question of whether M.P.'s teacher had any complete IEP. The Plaintiff and Dr. Mosley completely agree about the most important fact regarding the status of M.P.'s IEP: as put by Dr. Mosley, "we consider the I.E.P. dated January, 2006 to be the operative one."

The Defendant's point – and Dr. Mosley's – appears to be that the Plaintiff is at fault for Moten's failure to use the most recent IEP because Ms. Millis has not distributed the alleged

4

August IEP. It is unclear why the Defendant continues to make that point when Plaintiff's counsel has plainly stated to Dr. Mosley and to Ms. Burroughs that the Plaintiff believes the January IEP to be the most recent IEP. *See* Exhibits 2, 6. Therefore, the Plaintiff clearly does not have any complaint regarding the failure to use an alleged IEP from August, and the only question is whether M.P.'s teacher had the January IEP.

The relevance of Dr. Mosley's representations about an August 2006 meeting aside, they are plainly unreliable. Dr. Mosley states that she was not physically present at the meeting in question. Neither Ms. Peak nor Ms. Millis, two other people whom Dr. Mosley claims were present, remember any August 2006 meeting. There is no documentary evidence of such a meeting; there is no meeting invitation or confirmation, much less notes.

Dr. Mosley claims that DCPS gave Ms. Millis the only copy of the IEP because neither the Encore system nor the school's copying capability were functioning, but she does not explain why, in that unlikely event, DCPS would have given the only copy of this document to Ms. Millis.

Dr. Mosley states that her "role was to talk about the Moten Center Program," but does not explain why that was the case, when by August 2006 M.P. had been placed there for several months. Dr. Mosley states that she "believed a new I.E.P. was developed at that meeting," but does not explain why she held that belief.

The most likely explanation of this dispute is that Dr. Mosley is thinking of the April meeting. Dr. Mosley participated in the April meeting by telephone, and discussed Moten at that time. No IEP was developed at that meeting; Dr. Mosley may simply be confused about that.

Given that the Plaintiff had made it very clear that both Ms. Peak and Ms. Millis dispute that any meeting occurred in August, Defendant's counsel should have checked with sources

5

other than Dr. Mosley (e.g., the other attendees of the alleged meeting, including Taiya Gregory, who allegedly gave Ms. Millis the IEP) before formalizing the Defendant's accusations of misrepresentations. Hopefully, the Defendant will now check with those sources and correct its own misrepresentations regarding Plaintiff's counsel.

The remainder of Dr. Mosley's declaration is irrelevant. She does not directly dispute that Ms. Peak has received reports of M.P. running the halls, though she does claim that he is not in fact running the halls. (Drawing some pretty fine lines, she does admit that he "has his outbursts" and "left his classroom.") She also makes various other claims regarding the appropriateness of Moten. Plaintiff's counsel did not make a representation regarding the appropriateness of Moten at the status hearing. Regardless, that issue will be litigated at the next administrative hearing.

Respectfully submitted,

/s/
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038

6