UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALICE PEAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1912 (JGP) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DECLARATION OF DEBORAH MOSELY

On November 21, 2006, Defendant filed a declaration of Dr. Mosely, Ph.D., special education coordinator at the Moten Center ("Declaration"), to clarify the circumstances of M.P.'s current placement, in light of various representations made by Plaintiff's counsel at the November 2, 2006, status hearing.[1]

In the "Plaintiff's Response to the Notice of Declaration of Deborah Mosely," filed December 8, 2006 ("Response"), Plaintiff alleges that the Defendant's attempt to clarify the record was "unjustifiably aggressive" and that portions of the Declaration were irrelevant. Response, p. 1 and 6. The Response also attempts to explain the parties' asserted confusion as to M.P.'s current IEP. Response, p. 4-6.

The Declaration was an attempt to clarify the record regarding this court's inquiry as to M.P.'s current educational placement with specific facts from Dr. Mosely, a person

---

[1] The only issue before the court in this matter is whether compensatory education is due and owing to M.P. *See below*. Thus, any inquiry into M.P.'s current educational placement is a matter outside the pleadings and such inquiries are presumed to be made only for the purpose of protecting the best interest of the child.

1

with firsthand knowledge of M.P.'s educational progress. The Declaration provided detailed explanations of M.P.'s overall behavior and achievement at the Moten Center. See Declaration, generally.

Defendant's actions were neither aggressive nor unjustified because the filing of the Declaration was prompted by representations of counsel that did not present a clear picture in response to this Court's inquiry. Immediately after the hearing and before filing the Declaration, Defendant's counsel had left a telephone message for Plaintiff's counsel expressing concern and need for clarification of counsel's statements at the hearing. Response, pp.1, 2. Further, since the record evidence provided by the Defendant in response to this Court's inquiry clearly conflicted with the statements by Plaintiff's counsel at the hearing as to M.P.'s placement, it is the duty of Defendants to provide such evidence to this court on behalf its client, DCPS. Response, pp. 2 and 4.

Because the Response undertakes to provide both new factual narrations and arguments concluding the status of the IEP, the Defendant submits the following brief reply.

## **BACKGROUND**

This action arose out of a hearing officer's decision on August 30, 2005, concluding that Plaintiff's counsel (Carol Houck) "interfered with the [Multi Disciplinary Team/Individualized Education Program (MDT/IEP)] process", and therefore prevented DCPS from reevaluating the minor child and subsequently proposing an appropriate placement. PMSJ, p.5. The hearing officer dismissed all of the Plaintiff's claims that DCPS denied M.P. a free appropriate public education ("FAPE"), and that M.P. is therefore due and owing compensatory education dating back to his 2003-2004 school

year at Malcolm X. Elementary School. PMSJ, p. 2.

Since filing his Complaint with this Court, Plaintiff is no longer seeking independent evaluations, a revised IEP, private school placement and tuition reimbursement. PMSJ, pp. 1-2. Plaintiff is only seeking an injunction ordering DCPS to develop a compensatory education plan to compensate M.P. for alleged failures of DCPS to provide FAPE during M.P.'s 2003-2004 school year (until the administrative hearing that took place on August 30, 3005.) PMSJ, p. 2. Thus, M.P.'s current educational placement is not an issue before this Court at this time. [2]

## ARGUMENT

M.P. began attending the Moten Center in September 2006. PMSJ, p. 7. At the November 2, 2006 status hearing, Plaintiff's counsel alleged that, at the time of M.P.'s, education advocate's visit to the Moten Center in October 2006, Moten did not have M.P.'s school records. Declaration, p. 2. In her declaration, Dr. Mosely states that Moten did have a copy of M.P.'s IEP and, as stated in the Declaration (p. 2), Dr. Mosely had already made arrangements to retrieve the complete records from Malcolm X. Elementary School. In fact, she declares that she personally went to Malcolm X. to retrieve the records. Dr. Mosely further declares that the cumulative file is currently being maintained in the school office. Declaration, p. 2. Thus, Defendant is not unjustified in showing that Moten did have various records on hand involving M.P., including his current IEP, during the advocate's visit, and that Moten had made arrangements to pick up a full set of records.

---

[2] As of August 28, 2006, all dispositive motions in this matter were completed and submitted to this court by the parties. As a result of this Court's Order on November 15, 2006, a motions hearing scheduled for November 17, 2006, was canceled.

3

Plaintiff also asserts that that M.P.'s teacher did not have a copy of M.P.'s current IEP. Response, p. 4. However, Dr. Mosely did have a current IEP, dated January 2006. Dr. Mosely explains in her declaration that she believed that another IEP was developed for M.P. in August 2006, based on her phone participation in an MDT meeting regarding M.P. She also believed that somehow the educational advocate had possession of the only copy of that IEP. Declaration, p. 2. Thus, Dr. Mosely at the time may have believed that she did not have a current IEP, when she actually did have the January 2006 IEP.[3]

Further, Plaintiff asserts that Dr. Mosely in her declaration does not directly dispute that Ms. Peak received phone calls that M.P. was running in the halls at Moten. Response, p. 4. Whether Ms. Peak received phone calls is not in dispute here. Dr. Mosely clearly responded as to whether M.P. was running in the halls: she states that M.P. was not running in the halls. Declaration, p. 1.

Finally, Plaintiff alleges that additional statements by Dr. Mosely that M.P. has successfully attended field trips, was doing on-grade-level work, was elected as "clean up captain," and has goals of becoming "line leader," his need for grief counseling and a medication evaluation, are irrelevant. Response, p. 6. Here, Dr. Mosely simply provided some examples of M.P.'s progress at Moten in support her assertion that he was not running in the halls but was progressing well overall—in contrast to the assertions made by Plaintiff's counsel at the November 2, 2006 status hearing that M.P.'s running in the halls somehow put into question the appropriateness of M.P.'s placement at Moten. Declaration, generally.

---

[3] Whether another IEP exists or not from August 2006 is not the reason the declaration was submitted and does not discount whether Ms. Mosely believed at the time that another IEP existed. Thus, Plaintiff's arguments as to the existence of the August 2006 IEP should not be considered here. Response, pp. 5-6.

## CONCLUSION

Since this Court's inquiry as to M.P.'s current educational status was made with M.P.'s best interest in mind, the information provided in Dr. Mosely's declaration was not irrelevant or unjustified as she provided first hand knowledge and accounts of M.P.'s educational status that were not clear from Plaintiff's counsel's representations at the status hearing.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

December 13, 2006          email: amy.caspari@dc.gov